**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**



SECURITIES INVESTOR PROTECTION
CORPORATION,

               Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

               Defendant.

In re:

MADOFF SECURITIES

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

12 MC 0115

**ORDER**

**(Relates to consolidated proceedings
on Standing and SLUSA issues)**

PERTAINS TO CASES LISTED IN EXHIBIT A

JED S. RAKOFF, U.S.D.J.:

WHEREAS:

A. Pending before the Court are various adversary proceedings commenced by Irving H. Picard, as trustee ("Trustee") in connection with the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, in which certain defendants (the "Standing and SLUSA Withdrawal Defendants") have sought withdrawal of the reference from the Bankruptcy Court to this Court arguing, among other grounds, that (i) the Trustee lacks standing to assert common law claims and/or (ii) the Trustee's claims are barred by the Securities Litigation Uniform Standards Act ("SLUSA").

1

B. Exhibit A hereto, prepared by the Trustee's counsel, identifies single cases or, in certain instances, the lead case of related adversary proceedings where defendants are represented by common counsel, in which Standing and SLUSA Withdrawal Defendants have filed motions to withdraw the reference (or joinders in such motions, as the case may be, which are deemed included in the scope of this Order unless expressly stated otherwise on Exhibit A) based on, among other grounds, the Trustee's standing to bring common law claims and/or the application of SLUSA to the Trustee's claims (the "Adversary Proceedings").

C. The Court, over the objections of the Trustee and the Securities Investor Protection Corporation ("SIPC"), previously withdrew the reference from the Bankruptcy Court to consider issues concerning the Trustee's standing and the application of SLUSA raised by certain defendants. *See* Picard v. HSBC Bank PLC, 450 B.R. 406 (S.D.N.Y. 2011) (the "Prior Standing and SLUSA Withdrawal Ruling").

D. On April 17, 2012, a telephonic conference (the "Telephone Conference") was held among counsel for the Trustee, SIPC and counsel for movants in certain adversary proceedings, which was prompted by counsel's submission of proposed briefing schedules in connection with three pending motions to withdraw the reference. The actions and relevant counsel that participated in the Telephone Conference are listed in Exhibit B hereto. During the Telephone Conference, the Court directed the Trustee to propose a form of order consistent with the Order dated April 13, 2012, No. 12 MC 0115 (S.D.N.Y. Apr. 13, 2012) (ECF No. 4), to provide that all currently pending motions to withdraw the reference in the Adversary Proceedings based on the Trustee's standing to assert common law claims and/or the application of SLUSA will be granted in part solely to address the Withdrawn Standing and SLUSA Issues

2

(as defined below), for the same reasons for withdrawal of the reference stated in the Prior Standing and SLUSA Withdrawal Ruling, but otherwise remain *sub judice*.

E.  During the Telephone Conference, the Court directed the Trustee to advise all Standing and SLUSA Withdrawal Defendants, regardless of when the Court granted a motion to withdraw the reference, that the Court preferred to address the Withdrawn Standing and SLUSA Issues (as defined below) on the merits at this time in a common proceeding.

F.  During the Telephone Conference, the Court directed the Trustee to advise all Standing and SLUSA Withdrawal Defendants, regardless of when the Court granted a motion to withdraw the reference, that the Court preferred that all Standing and SLUSA Withdrawal Defendants choose one attorney to act as lead counsel at the oral argument at which the Court shall address the Withdrawn Standing and SLUSA Issues (as defined below), and the Trustee's counsel has represented that it so notified the Standing and SLUSA Withdrawal Defendants via email to the parties at the email addresses listed on Exhibit A hereto.

G.  On April 18, 2012, a second telephonic conference (the "Second Telephone Conference") was convened at the request of certain counsel that were party to the original Telephone Conference to seek clarification of the Court's directives during the Telephone Conference. The actions and relevant counsel that participated in the Second Telephone Conference are listed in Exhibit C hereto. During the Second Telephone Conference, the Court clarified its prior directives and made the following ruling providing, *inter alia*, that the Court was withdrawing the reference, in part, solely as set forth herein, in order to address, among other issues, the merits of the Withdrawn Standing and SLUSA Issues (as defined below).On April 19, 2012, the Court issued an order directing common briefing on the following issues raised in pending motions to withdraw the reference: (1) whether 11 U.S.C. § 546(e) limits the

3

Trustee's ability to avoid transfers made by Madoff Securities; (2) whether provisions of the Internal Revenue Code that tax undistributed portions of IRAs prevent the Trustee from avoiding IRA distributions that would otherwise be taxed; (3) whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts; (4) whether the Trustee has standing to pursue common law claims and, if so, whether the Securities Litigation Uniform Standards Act preempts the Trustee's common law claims. (*See Order, In re: Madoff Securities,* No. 12-MC-00115 (JSR) (S.D.N.Y. April 19, 2012) (ECF No. 22).

H.  The Withdrawn Standing and SLUSA Issues (as defined below) may be affected by decisions in the following appeals currently pending before the Second Circuit Court of Appeals: *Picard v. JPMorgan Chase & Co., et al.* (2d Cir. 11-5044), *Picard v. UBS Fund Services (Luxembourg) et al.* (2d Cir. 11-5051), *Picard v. UniCredit S.p.A., et al.* (2d Cir. 11-5175), *Picard v. HSBC Bank plc, et al.* (2d Cir. 11-5207), *Trezziova v. Kohn, et al. (In re Herald)* (2d Cir. 12-156), and *Criterium Capital Funds B.V. v. Tremont (Bermuda) Limited, et al. (In re Kingate)* (2d Cir. 11-1397). The Standing and SLUSA Withdrawal Defendants believe that judicial economy favors awaiting possible appellate guidance in those cases with regard to the Withdrawn Standing and SLUSA Issues (as defined below).

BASED ON THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS:

1.  The reference of the Adversary Proceedings is withdrawn from the Bankruptcy Court, in part and solely with respect to the Standing and SLUSA Withdrawal Defendants, to this Court for the limited purpose of deciding the following issues (the "Withdrawn Standing and SLUSA Issues"):

(a) whether the Trustee has standing to bring common law claims; and

(b) whether SLUSA preempts the Trustee's common law claims.

Except as otherwise provided herein or in orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes.

2. The Trustee and SIPC are deemed to have raised, in response to all pending motions for withdrawal of the reference based on the Withdrawn Standing and SLUSA Issues, all arguments previously raised by either or both of them in opposition to all such motions granted by the Prior Standing and SLUSA Withdrawal Ruling, and such objections or arguments are deemed to be overruled, solely with respect to the Withdrawn Standing and SLUSA Issues, for the reasons stated in the Prior Standing and SLUSA Withdrawal Ruling.

3. All objections that could be raised by the Trustee and/or SIPC to the pending motions to withdraw the reference in the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.

4. The Standing and SLUSA Withdrawal Defendants shall file one consolidated opening brief, not to exceed forty (40) pages, addressing the Withdrawn Standing and SLUSA Issues on or before August 3, 2012. Separately, on or before August 3, 2012, certain Standing and SLUSA Withdrawal Defendants as to whom the Trustee asserts the applicability of the "insider exception" to the *in pari delicto / Wagoner* doctrine may submit a brief, not to exceed seven (7) pages, on that part of the standing issue.

5. The Trustee and SIPC shall each file an opposition brief, not to exceed forty (40) pages each, addressing the Withdrawn Standing and SLUSA Issues on or before September 14, 2012. Separately, on or before September 14, 2012, the Trustee may submit a separate brief, not

to exceed seven (7) pages, regarding the effect of the "insider exception" on the *in pari delicto* / *Wagoner* doctrine.

6. The Standing and SLUSA Withdrawal Defendants shall file one consolidated reply brief, not to exceed twenty (20) pages, on or before October 5, 2012. Separately, on or before October 5, 2012, certain Standing and SLUSA Withdrawal Defendants as to whom the Trustee asserts the applicability of the "insider exception" to the *in pari delicto* / *Wagoner* doctrine may submit a separate reply brief, not to exceed five (5) pages, on that part of the standing issue.

7. The Court will hold oral argument concerning the Withdrawn Standing and SLUSA Issues on October 15, 2012, at 4:00 p.m. (the "Hearing Date").

8. On or before October 5, 2012, the Standing and SLUSA Withdrawal Defendants shall designate one lead counsel to advocate their position at oral argument on the Hearing Date. Separately, on or before October 5, 2012, the certain Standing and SLUSA Withdrawal Defendants as to whom the Trustee asserts the applicability of the "insider exception" to the *in pari delicto* / *Wagoner* doctrine shall designate one counsel to advocate their position on that part of the standing issue at oral argument on the Hearing Date.

9. The caption displayed on this Order shall be used as the caption for all pleadings, notices and briefs to be filed pursuant to this Order.

10. All communications and documents (including drafts) exchanged between and among any of the defendants in the Adversary Proceedings listed on Exhibit A, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege.

11. This Order is without prejudice to any and all grounds for withdrawal of the reference (other than the Withdrawn Standing and SLUSA Issues) raised in the Adversary Proceedings by the Standing and SLUSA Withdrawal Defendants, all of which are preserved.

12. Nothing in this Order shall: (a) waive or resolve any issue raised by any party other than the withdrawal of the reference solely with respect to the Standing and SLUSA Issues; (b) limit, restrict or impair any defense or argument that has been raised or could be raised by any Standing and SLUSA Withdrawal Defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012, or any other defense or right of any nature available to any Standing and SLUSA Withdrawal Defendant (including, without limitation, all defenses based on lack of personal jurisdiction or insufficient service of process), or any argument or defense that could be raised by the Trustee or SIPC in response thereto; and (c) be deemed or construed as the submission of a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012.

13. Nothing in this Order shall constitute an agreement or consent by any Standing and SLUSA Withdrawal Defendant to pay the fees and expenses of any attorney other than such defendant's own retained attorney. This paragraph shall not affect or compromise any rights of the Trustee or SIPC.

14. This Order is without prejudice to and preserves all objections of the Trustee and SIPC to timely-filed motions for withdrawal of the reference currently pending before this Court (other than the withdrawal of the reference solely with respect to the Withdrawn Standing and SLUSA Issues) with respect to the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.

15. The procedures established by this Order shall constitute the sole and exclusive procedures for determination of the Withdrawn Standing and SLUSA Issues in the Adversary

7

Proceedings, and this Court shall be the forum for such determination. To the extent that briefing or argument schedules were previously established with respect to the Withdrawn Standing and SLUSA Issues in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the Withdrawn Standing and SLUSA Issues. To the extent that briefing or argument schedules are prospectively established with respect to motions to withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Withdrawn Standing and SLUSA Issues shall be excluded from such briefing or argument. Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior Order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason.

SO ORDERED.

Dated: New York, New York
May 15, 2012

_____
JED S. RAKOFF, U.S.D.J.

# EXHIBIT A

| | | | |
|---|---|---|---|
| 1. | ***Picard v. Trotanoy Inv. Company Ltd., et al.*** | 11-cv-07112-JSR | Katten Muchin Rosenman LLP (for Access International Advisors Ltd.)<br>Robert W. Gottlieb<br>(robert.gottlieb@kattenlaw.com)<br>Brian L. Muldrew<br>(brian.muldrew@kattenlaw.com) |
| 2. | ***Picard v. Federico Ceretti, et al.*** (as filed by Federico Ceretti, Carlo Grosso, FIM Limited and FIM Advisers LLP) | 11-cv-07134-JSR | Paul Hastings LLP<br>Jodi Kleinick<br>(jodikleinick@paulhastings.com)<br>Barry Sher<br>(barrysher@paulhastings.com)<br>Mor Wetzler<br>(morwetzler@paulhastings.com) |
| 3. | ***Picard v. Federico Ceretti, et al.*** (as filed by Citi Hedge Fund Services, Ltd.) | 11-cv-07256-JSR | Cleary Gottlieb Steen & Hamilton LLP<br>Carmine D. Boccuzzi, Jr.<br>(cboccuzzi@cgsh.com)<br>David Y. Livshiz<br>(dlivshiz@cgsh.com) |
| 4. | ***Picard v. Oreades Sicav, et al.*** (as filed by BNP Paribas Investment Partners Luxembourg S.A., BGL BNP Paribas S.A. and BNP Paribas Securities Services S.A.) | 11-cv-07763-JSR | Cleary Gottlieb Steen & Hamilton LLP<br>Lawrence B. Friedman<br>(lfriedman@cgsh.com)<br>Breon S. Peace<br>(bpeace@cgsh.com) |
| 5. | ***Picard v. Equity Trading Portfolio Ltd., et al.*** (as filed by BNP Paribas Arbitrage SNC) | 11-cv-07810-JSR | Cleary Gottlieb Steen & Hamilton LLP<br>Lawrence B. Friedman<br>(lfriedman@cgsh.com)<br>Breon S. Peace<br>(bpeace@cgsh.com) |
| 6. | ***Picard v. Square One Fund Ltd., et al.*** | 12-cv-02490-JSR | Tannenbaum Helpern Syracuse & Hirschtritt LLP;<br>Brune & Richard LLP.<br>Tannenbaum Helpern Syracuse & Hirschtritt LLP<br>Tammy P. Bieber<br>(bieber@thsh.com) |

|   |   |   | Brune & Richard LLP<br>David Elbaum<br>(delbaum@bruneandrichard.com)<br><br>Bernfeld, DeMatteo & Bernfeld, LLP<br>David Bernfeld<br>(davidbernfeld@bernfeld-dematteo.com) |
|---|---|---|---|
| 7. | *Picard v. Fairfield Sentry Limited, et al.* (as filed by Chester Global Strategy Fund Limited, Chester Global Strategy Fund, LP, Irongate Global Strategy Fund Limited, Fairfield Greenwich Fund (Luxembourg), Fairfield Investment Fund Limited, Fairfield Investors (Euro) Ltd., and Stable Fund LP) | 12-cv-02619 | Simpson Thacher & Bartlett LLP<br>Mark G. Cunha<br>(mcunha@stblaw.com)<br>Peter E. Kazanoff<br>(pkazanoff@stblaw.com)<br><br>Wollmuth Maher & Deutsch LLP<br>Frederick R. Kessler<br>(fkessler@wmd-law.com)<br>Paul R. DeFilippo<br>(pdefilippo@wmd-law.com)<br>Michael P. Burke<br>(mburke@wmd-law.com)<br><br>Debevoise & Plimpton LLP<br>Mark P. Goodman<br>(mpgoodman@debevoise.com)<br><br>O'Shea Partners LLP<br>Sean F. O'Shea<br>(soshea@osheapartners.com)<br>Michael E. Petrella<br>(mpetrella@osheapartners.com)<br><br>White & Case LLP<br>Glenn M. Kurtz<br>(gkurtz@whitecase.com)<br>Andrew W. Hammond<br>(ahammond@whitecase.com) |

|   |   |   | Covington & Burling LLP
Bruce A. Baird
(bbaird@cov.com)

Kasowitz, Benson, Torres & Friedman LLP
Daniel J. Fetterman
(dfetterman@kasowitz.com)

Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C.
Edward M. Spiro
(espiro@maglaw.com)

Dechert LLP
Andrew J. Levander
(andrew.levander@dechert.com)
David S. Hoffner
(david.hoffner@dechert.com) |
|---|---|---|---|
| 8. | *Picard v. Fairfield Sentry Limited, et al.* (Joint Memorandum filed by various defendants) | 12-cv-02638 | Simpson Thacher & Bartlett LLP
Mark G. Cunha
(mcunha@stblaw.com)
Peter E. Kazanoff
(pkazanoff@stblaw.com)

Wollmuth Maher & Deutsch LLP
Frederick R. Kessler
(fkessler@wmd-law.com)
Paul R. DeFilippo
(pdefilippo@wmd-law.com)
Michael P. Burke
(mburke@wmd-law.com)

Debevoise & Plimpton LLP
Mark P. Goodman
(mpgoodman@debevoise.com) |

| | | | |
|---|---|---|---|
| | | | O'Shea Partners LLP<br>Sean F. O'Shea<br>(soshea@osheapartners.com)<br>Michael E. Petrella<br>(mpetrella@osheapartners.com)<br><br>White & Case LLP<br>Glenn M. Kurtz<br>(gkurtz@whitecase.com)<br>Andrew W. Hammond<br>(ahammond@whitecase.com)<br><br>Covington & Burling LLP<br>Bruce A. Baird<br>(bbaird@cov.com)<br><br>Kasowitz, Benson, Torres & Friedman LLP<br>Daniel J. Fetterman<br>(dfetterman@kasowitz.com)<br><br>Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C.<br>Edward M. Spiro<br>(espiro@maglaw.com)<br><br>Dechert LLP<br>Andrew J. Levander<br>(andrew.levander@dechert.com)<br>David S. Hoffner<br>(david.hoffner@dechert.com) |
| 9. | *Picard v. Kohn* (as filed by Redcrest Investments, Inc., Line Group Ltd., Line Management Services Ltd., and Line Holdings Ltd.) | 12-cv-02661 | Kirkland & Ellis LLP<br>Jay P. Lefkowitz, P.C.<br>(jay.lefkowitz@kirkland.com)<br>Joseph Serino, Jr.<br>(joseph.serino@kirkland.com) |

| | | | David S. Flugman (david.flugman@kirkland.com) |
|---|---|---|---|
| 10. | *Picard v. Peter B. Madoff, et al.* (as filed by Deborah Madoff) | 12-cv-02752 | Cohen & Gresser LLP<br>Mark S. Cohen<br>(mcohen@cohengresser.com)<br>Daniel H. Tabak<br>(dtabak@cohengresser.com) |
| 11. | *Picard v. Peter B. Madoff, et al.* (as filed by Stephanie Mack) | 12-cv-02883 | Cooley LLP<br>Alan Levine<br>(alevine@cooley.com)<br>Lawrence C. Gottlieb<br>(lgottlieb@cooley.com)<br>Laura Grossfield Birger<br>(lbirger@cooley.com)<br>Michael A. Klein<br>(mklein@cooley.com) |
| 12. | *Picard v. Defender Limited, et al* (Defender Limited, Reliance Management (BVI) Limited, Reliance Management (Gibraltar) Limited and Tim Brockmann – Moving Parties) | 12-cv-02800 | Klestadt & Winters LLP<br>Tracy L. Klestadt<br>(tklestadt@klestadt.com)<br>Brendan M. Scott<br>(bscott@klestadt.com) |
| 13. | *Picard v. UBS AG, et al.* (Reliance Management (BVI) Limited and Reliance Management (Gibraltar) Limited – Moving Parties) | 12-cv-02802 | Klestadt & Winters LLP<br>Tracy L. Klestadt<br>(tklestadt@klestadt.com)<br>Brendan M. Scott<br>(bscott@klestadt.com) |
| 14. | *Picard v. Defender Limited, et al* (Reliance International Research LLC and Justin Lowe – Moving Parties) | 12-cv-02871- | Seward & Kissel LLP<br>Mark J. Hyland<br>(hyland@sewkis.com)<br>Mandy DeRoche<br>(deroche@sewkis.com) |
| 15. | *Picard v. Leon Flax, et al.* | 12-cv-02928 | Katten Muchin Rosenman LLP<br>Anthony L. Paccione |

|  |  |  | anthony.paccione@kattenlaw.com<br>Brian L. Muldrew<br>brian.muldrew@kattenlaw.com |
|---|---|---|---|
| 16. | *Picard v. UBS AG, et al.* (M&B Capital Advisers Sociedad de Valores, S.A., M&B Capital Advisers Gestion SGIIC, S.A. - Moving Parties) **[Amended Motion to Withdraw]** | 12-cv-02483 | Cravath, Swaine & Moore LLP<br>David Greenwald<br>(dgreenwald@cravath.com)<br>Richard Levin<br>(rlevin@cravath.com) |

# EXHIBIT B

## Participants To April 17, 2012 Telephonic Conference

**Irving H. Picard,** *Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

BAKER HOSTETLER, LLP
Oren J. Warshavsky
(owarshavsky@bakerlaw.com)
Nicholas Cremona
(ncremona@bakerlaw.com)

SECURITIES INVESTOR PROTECTION CORPORATION
Kevin Bell
(kbell@sipc.org)
Lauren Attard
(lattard@sipc.org)

*Picard v. Lake Drive LLC, et al,* 11-cv-09371-JSR;
*Picard v. Bear Lake Partners, et al,* 11-cv-09372-JSR

KATTEN MUCHIN ROSENMAN LLP
Anthony L. Paccione
(anthony.paccione@kattenlaw.com)

*Picard v. Mosaic Fund L.P. , et al ,* 11-cv-09444-JSR

MACHT, SHAPIRO, AARATO & ISSERLES LLP
Eric S. Olney
(eolney@shapiroarato.com)

# EXHIBIT C

## Participants To April 18, 2012 Telephonic Conference

**Irving H. Picard,** *Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

BAKER HOSTETLER, LLP
Oren J. Warshavsky
(owarshavsky@bakerlaw.com)
Nicholas Cremona
(ncremona@bakerlaw.com)

SECURITIES INVESTOR PROTECTION CORPORATION
Kevin Bell
(kbell@sipc.org)
Lauren Attard
(lattard@sipc.org)

*Picard v. Lake Drive LLC, et al,* 11-cv-09371-JSR;
*Picard v. Bear Lake Partners, et al,* 11-cv-09372-JSR

KATTEN MUCHIN ROSENMAN LLP
Anthony L. Paccione
(anthony.paccione@kattenlaw.com)

*Picard v. Mosaic Fund L.P. , et al ,* 11-cv-09444-JSR

MACHT, SHAPIRO, AARATO & ISSERLES LLP
Eric S. Olney
(eolney@shapiroarato.com)

*Picard v. Goldstein, et al,* 11-cv-08491-JSR

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Elise Scherr Frejka
(efrejka@kramerlevin.com)

*Picard v. Elins Family Trust, et al.,* 11-cv-04772-JSR

KLEINBERG, KAPLAN, WOLFF & COHEN P.C.
Matthew J. Gold
(mgold@kkwc.com)
David Parker
(dparker@kkwc.com)